NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIUSEPPE TEDESCO, | Civ. Action No. 18-13642 (CCC) |
| Petitioner, | |
| v. | OPINION |
| ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al., | |
| Respondents. | |

**CECCHI, District Judge.**

This matter comes before the Court on Petitioner's unopposed motion to seal his Appendix (ECF Nos. 2–3) in support of his 28 U.S.C. § 2254 petition. (ECF No. 4). In the alternative, Petitioner seeks to seal portions of the Appendix that include the autopsy report of the deceased, and the State's summation slide presentation. (ECF No. 4-1). For the reasons stated herein, the Motion is denied.

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal, he or she must demonstrate that "good cause" exists for protection of the material at issue. *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785-86 (3d Cir. 1994)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). The party

seeking the order has the burden of demonstrating that there is good cause to seal the document. *Id.* at 786–87.

Accordingly, Local Civil Rule 5.3(c)(3) requires that a motion to seal describes "with particularity" (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interest which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, (d) why a less restrictive alternative to the relief sought is not available, (e) any prior order sealing the same materials in the pending action, and (f) the identity of any party or nonparty known to be objecting to the sealing request.

Petitioner asserts that the Autopsy Report "contains highly sensitive and personal information concerning the deceased." (ECF No. 4-1 at 2). He further asserts that the "'State's Summation Slide Presentation' also contains highly sensitive and personal information . . ." as it contains photographs of the deceased and of Petitioner. (*Id.*) Petitioner explains, "[t]he serious injury will be to the family and friends of the deceased (and petitioner) due to the invasion of privacy as to the highly sensitive nature of the 'Autopsy Report' and certain of the photos depicted in the 'State's Summation Slide Presentation.'" (*Id.* at 4).

To be sure, the autopsy report and the slides containing photographs of the victim do contain personal information of the deceased. However, under the "good cause" standard outlined above, the party seeking an order to seal must demonstrate the serious injury "*to the party seeking closure.*" *Pansy*, 23 F.3d at 786 (emphasis added). The invasion of privacy to the victim's friends and family is insufficient cause to seal the documents on Petitioner's behalf. Furthermore, any motion to seal must show the injury to be suffered "with specificity." *Id.* The Court finds that a general statement of invasion of privacy to friends and family insufficiently specific to fulfill this standard. Finally, the New Jersey state court opinions of Petitioner's criminal trial are replete with

2

facts that describe the crime in detail. *See, e.g., State v. Tedesco*, No. A-6200-12T4, 2017 WL 876339, at *3 (N.J. Super. Ct. App. Div. Mar. 6, 2017). The majority of the slides in the State's summation contain no private information of either the deceased or Petitioner, and are no more revealing than the New Jersey trial and Appellate Division decisions on Petitioner's criminal trial and the transcripts of those proceedings.

For these reasons, the Court denies Petitioner's Motion to seal without prejudice. Petitioner may refile his motion to seal describing, with specificity, the serious injury *he* may suffer from unsealing the Appendix. An appropriate order follows.

Dated: February 1, 2019

Claire C. Cecchi, U.S.D.J.